UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v.- | :   11 Cr. 412 (PKC) |
| JOSE ANTHONY DELOS SANTOS, | : |
| Defendant. | : |

---------------------------------------------------------------x

THE GOVERNMENT'S SENTENCING SUBMISSION

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Alvin Bragg
Assistant United States Attorney
- Of Counsel -

The defendant is scheduled to be sentenced tomorrow. The Government respectfully files this submission in advance of the sentencing and in response to defense counsel's sentencing submission (which was filed on May 15, 2012). Defense counsel seeks a non-Guidelines sentence principally based on the following arguments: (1) the instant crime was isolated, and not part of a pattern of criminal conduct; (2) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and (3) the defendant's incarceration will have a negative effect on his family. As discussed in more detail below, the defendant's crime was not an isolated event, the defendant sought to hinder the Government's investigation, and his family circumstances do not appear to be of the sort that warrant a variance under 18 U.S.C. Section 3553.[1] Accordingly, the Government requests that the Court impose a sentence within the Guidelines range of 87 to 108 months' imprisonment. Such a sentence would be sufficient but not greater than necessary to serve the purposes of sentencing, as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant, and afford adequate deterrence to criminal conduct.

## BACKGROUND

A.   **The Indictment and The Offense Conduct**

The Indictment charged the defendant with conspiring to distribute more than 100 grams of heroin, in violation of 21 U.S.C. Sections 841(b)(1)(B) and 846. Pursuant to a plea agreement with the Government, the defendant pled guilty to the lesser included offense of

---

[1] The defendant pled guilty pursuant to a plea agreement that stipulated to a Guidelines range of 87 to 108 months' imprisonment. In the plea agreement, the parties agreed that neither a downward nor an upward departure was warranted. Therefore, the defendant's arguments seeking a downward departure should not be considered. However, under the agreement, the defendant is permitted to seek leniency under Section 3553.

conspiring to distribute less than 100 grams of heroin, in violation of 21 U.S.C. Sections 841(b)(1)(C) and 846.  Notwithstanding that the defendant pled guilty to this lesser included charge, the Government and the defendant agreed in the plea agreement that the offense conduct involved a conspiracy to distribute at least 100 grams but less than 400 grams of heroin.

As the Presentence Investigation Report ("PSR") sets forth, in January 2011, a cooperating witness (the "CW") paid the defendant $500 and the defendant told the CW that he would provide him with heroin at a later date.  (PSR ¶ 8.)  Five days later, the defendant provided the CW with approximately 153 grams of heroin.  (Id. ¶¶ 9 - 10.)

The defendant was arrested on January 31, 2011.  (Id. ¶ 11.)  █████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████
                                        ████████████████████████████ the Supplier was arrested.  ████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
███

B.      **The Presentence Investigation Report and Guidelines Calculation**

The United States Probation Office (the "Probation Office") calculated a total offense level of 28. (PSR ¶ 25.) The base offense level is 26, because the offense involved an agreement to distribute at least 100 grams but less than 400 grams of heroin. (Id. ¶ 17.) Two levels are added ████████████████████████████████████████████████████████████ ████████████████████████. (Id. ¶ 20.) Because of the defendant's obstruction of justice, a reduction for acceptance of responsibility is not warranted. (Id. ¶ 22.) The Probation Office also determined that the defendant has three criminal history points and is in Criminal History Category II. (Id. ¶ 32.) The three criminal history points are based upon the defendant's conviction in 2002 for criminal possession of a controlled substance. (Id. ¶ 28.) Based upon an offense level of 28 and a Criminal History Category of II, the Probation Office arrived at a Guidelines range of 87 to 108 months' imprisonment. (Id. ¶ 66.) This range    and the underlying calculations    are the same as what is set forth in the defendant's plea agreement.

## DISCUSSION

A.      **Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. Booker, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly

calculating the applicable Guidelines range" that "should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2); (iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id. § 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7). See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.     A Guidelines Range Sentence Is Appropriate**

The defendant seeks a non-Guidelines sentence principally based upon three arguments: (1) the instant crime was isolated, and not part of a pattern of criminal conduct; (2) ███████████████████████████████████████████████████████ ; and (3) the defendant's incarceration will have a negative effect on his family.  The Government respectfully submits that a Guidelines sentence is warranted.

First, the defendant argues that he engaged in the offense conduct due to a sense of loyalty to a close friend and that the defendant's role was limited to "a one time basis." (Def. Mem. at 10.)  Perhaps the defendant views the entire conspiracy as one event.  However, the Court should be aware that, while the Complaint in this matter and the offense conduct section in the PSR discuss one transaction, ███████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████  Finally, the defendant has a prior drug conviction.

Second, ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████

---

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

5

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████

███████

	Third, while the Government does not seek to minimize the impact of any term of imprisonment on the defendant's children and the mother of his children, the record here does not make the type of showing that traditionally was required for a departure based upon exceptional family circumstances.  See generally United States v. Daidone, 124 Fed. Appx. 677, 680 (2d Cir. 2005) (noting the availability of other family members to provide emotional support to children is a factor to consider and seeking more information about the family's earnings capacity and assets); USSG § 5H1.6 ("[F]amily ties and responsibilities are not ordinarily relevant to determining whether a departure may be warranted.").

	In sum, the Government respectfully suggests that a Guidelines sentence is warranted to deter the defendant from further criminal conduct and to protect the public from further crimes of the defendant, as well as to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines range of 87 to 108 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Alvin Bragg
Assistant United States Attorney
Tel.: (212) 637-1085